# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | 12-00379-12-CR-W-HFS |
| | ) | |
| Andrew Keys, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are defendant Andrew Keys' ("Keys") *Motion For Bill of Particulars*, filed June 24, 2013 [Doc 136] and *Motion to Sever Defendants*, filed June 24, 2013 [Doc. 137] For the reasons set out below the Court denies both motions.

### I. Factual Background

On February 25, 2013, the Grand Jury in the Western District of Missouri returned a sixteen-count Superseding Indictment, charging Keys and eleven other co-defendants (Jose Ramirez, Jessica Varela, Hugo Borunda Monge, Rosalio Silva-Cebrera, Arturo Villa-Gomez, Peter Olson, Daniel Rascon Frias, Miguel Carrizales, Billy Thompson, Katherine Thompson and Deborah Thomason) in Count One with conspiring between January 1, 2012 and November 27, 2012, to distribute methamphetamine, in an amount of 500 grams or more, in contravention of 21 U.S.C. §§ 841(a)(1)(b)(1)(A) and 846. Keys is charged only in Count One. However, in addition to various drug counts, co-defendant Ramirez is charged with money laundering in Count Seven, co-defendant Varela is charged in Count Sixteen with possession of a firearm in

furtherance of a drug trafficking crime and co-defendant Silva-Cebrera is charged in Count Fourteen with being an alien in possession of a firearm. All the offenses allegedly occurred during the charged conspiracy term of January 1, 2012 to November 27, 2012.

## II.    Bill of Particulars

On June 24, 2012, Keys filed his *Motion For Bill Of Particulars* requesting that the Court order the Government to disclose the following particulars regarding Count One:

   a. State all instances in which the government alleges a conspiracy began, including but not limited to the date the alleged conspiracy began, location of the conspiratorial acts, individuals alleged to have participated in the conspiracy, and subsequent dates of activity related to the alleged conspiracy, any dates any conspirators joined the conspiracy.

   b. State with as much particularity as possible the individuals, known and unknown by the grand jury alleged to have participated in the conspiracy;

   c. State with as much particularity as possible any overt acts conducted by Mr. Keys in planning the conspiracy;

   d. State with as much particularity as possible any overt acts conducted by Mr. Keys in carrying out the conspiracy.

In his motion, Keys explicitly states that he does not challenge the sufficiency of the superseding indictment, but rather insists that the above information is necessary for him to properly prepare for trial as well as bar future prosecutions.

A bill of particulars has three functions:   (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, (2) to minimize the danger of surprise at trial, and (3) to enable him to plead his acquittal or conviction in bar of prosecution for the same offense when the indictment itself is too vague or indefinite for such purposes.  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), *cert. denied*, 444 U.S.

979. A motion for a bill of particulars is not to be used for discovery purposes. *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979), *cert. denied*, 442 U.S. 919. To require disclosure of evidentiary detail which the Government intends to present at trial is not the function of a bill of particulars. *United States v. Smallwood*, 443 F.2d 535, 540 (8th Cir. 1971), *cert. denied*, 404 U.S. 853; *United States v. Hamilton*, 452 F.2d 472, 480 (8th Cir. 1971), *cert. denied*, 406 U.S. 925. Likewise, it is not a function of a bill of particulars to require the Government to explain its legal theories of the case. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980), *cert. denied*, 449 U.S. 1015.

The denial of a motion for a bill of particulars is within the discretion of the district court; its decision will not be disturbed, absent an abuse of this discretion. *United States v. Giese*, *Id.*; *United States v. Smallwood*, 443 F.2d at 540. The denial of a motion for a bill of particulars does not constitute an abuse of discretion unless deprivation of the information sought leads to an inability of the defendant adequately to prepare his case, to avoid surprise at the trial, or to avoid later risk of double jeopardy. *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978), *cert. denied*, 439 U.S. 857.

A careful review of Keys' motion leads to the conclusion of this Court that he seeks the government's theory of the case as well as information and evidentiary detail he should be able to glean from the open file discovery provided by the government.

### III. Motion To Sever Defendants

Keys also filed a *Motion to Sever Defendants*, in which he alleges that his right to a fair trial would be violated if he were tried together with co-defendants Ramirez, Varela and Cebrera. In the alternative, the defendant requests severance of the conspiracy count (Count One) from

those charging money laundering, illegal alien in possession of a firearm and possession of a firearm in furtherance of drug trafficking because evidence relating to those charges would prejudice him in the eyes of the jury on the conspiracy count. In support of his request for severance, Keys argues that a joint trial of this matter would prejudice his right to a fair trial because:

- there is a great disparity in the weight of the evidence against him and that against his co-defendants;

- evidence relating to the firearm counts is particularly inflammatory and could result in a "spill-over" effect against Keys who is charged only in Count One;

- a *Bruton* problem could potentially arise if the government's case against Keys includes testimony or statements of co-defendants.

    Fed. R. Crim. P. 14 provides for relief from an unduly prejudicial situation and states:

    > If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A motion to sever is addressed to the sound discretion of the trial court, and a denial of severance is not ground for reversal unless great prejudice and abuse of discretion are shown. *United States v. Mims*, 812 F.2d 1068, 1076 (8th Cir. 1987); *United States v. Robinson*, 774 F.2d 261, 266 (8th Cir. 1985); *United States v. Adkins*, 842 F.2d 210, 212 (8th Cir. 1988). An individual defendant shoulders a heavy burden in trying to establish that the denial of a severance motion was an abuse of the district court's discretion. *United States v. Robinson*, 774 F.2d at 266. Joint trial of jointly indicted defendants who are charged with conspiracy is favored for the reason of judicial economy, especially when proof against defendants is based upon the same

evidence or acts; and a denial of severance is reversible only where it is so prejudicial that the district court could have exercised its discretion in only one way. *United States v. Reed*, 733 F.2d 492, 508 (8th Cir. 1984); *United States v. Reeves*, 674 F.2d 739, 744 (8th Cir. 1982).

Keys essentially argues that he will suffer prejudice from a spillover of inflammatory evidence introduced against his co-defendants and that the quantum of evidence against the other defendants will be so great as to prejudice his own right to a fair trial. He asserts that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants in order to make an independent determination of his guilt.

A defendant is not entitled to a severance simply because the evidence against a co-defendant may be more weighty or damaging than the evidence against him. *United States v. White*, 794 F.2d 367, 369 (8th Cir. 1986); *United States v. Arenal*, 768 F.2d at 268. Thus, preference for joint trial of jointly indicted defendants is not limited by any requirement that the quantum of evidence regarding each is equal. *United States v. Faul*, 748 F.2d 1204, 1216-1217 (8th Cir. 1984); *United States v. Reed*, 658 F.2d 624, 629 (8th Cir. 1981). Where defendants are joined in a conspiracy trial, even a gross disparity in evidence does not necessarily require a severance, since the government is entitled to prove the entire scope of a conspiracy, even in a severed trial; the proof would not be restricted to establishing the limited involved of the severed defendant. *United States v. Haldeman,* 559 F.2d 31, 72 (D.C. Cir. 1976); *United States v. Gutberlet,* 939 F2d 643 (8th Cir. 1991); *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991). Where the jury is able to follow the trial court's instructions and compartmentalize the evidence against each defendant, each count individually, there is no abuse of discretion in denying severance on the ground that the evidence would "spill over" from one or more

defendants to another. *United States v. DeLuna,* 763 F.2d 897, 919 (8th Cir. 1985). Severance will be granted only on a showing of real prejudice to an individual defendant and requires more than a mere showing that a defendant may have a better chance of acquittal if severed. *United States v. Arenal, supra*, at 268; *United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979); *United States v. Mansaw*, 714 F.2d 785, 790-791 (8th Cir. 1983). The Court is confident that the jury will be able to follow the cautionary instructions to compartmentalize the evidence in order to make an independent determination of Keys' guilt or innocence in Count One.

Finally, Keys argues that a severance is necessary due to the possibility that a *Bruton* problem could arise from potential statements made by one or more of his co-defendants. Keys' argument that such a Bruton issue is present in this criminal action is entirely speculative. Keys has failed to allege that a confession of any of his co-defendants exists, that he is implicated in that confession, that the confessor does not intend to testify at trial, or that the Government will not redact the confession to delete any portion that implicates Keys. At present, Keys has made no showing of prejudice that would entitle him to severance.

The Court is aware of its continuing duty to grant a severance if and when prejudice becomes apparent, either before or during trial. *Schaffer v. United States*, 362 U.S. 511, 514-516 (1960); *United States v. Engleman*, 648 F.2d 478, 480 n.5 (8th Cir. 1981).

Accordingly, it is

**ORDERE**D that Keys' *Motion For Bill of Particulars*, filed June 24, 2013 [Doc 136] is **DENIED**. It is further

**ORDERED** that Keys' *Motion to Sever Defendants*, filed June 24, 2013 [Doc. 137] is **DENIED**.

                                                 */s/ John T. Maughmer*
                                                 **JOHN T. MAUGHMER**
                                                 **U. S. MAGISTRATE JUDGE**